IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02246-BNB

KEITH PROST,

Applicant,

v.

RON WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Keith Prost is a prisoner in the custody of the United States Bureau of Prisons at the Federal Prison Camp in Florence, Colorado. Mr. Prost has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence. The Court must construe the Application liberally because Mr. Prost is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Prost pled guilty and was sentenced on January 22, 1999, in the United States District Court for the Eastern District of Missouri, to knowingly and willfully conspiring to distribute and possess with intent to distribute methamphetamine and to money laundering and was sentenced to 168 months in prison. *See United States v. Prost*, No. 98-cr-00264-ERW (E.D. Mo. Jan. 22, 1999). Mr. Prost filed a motion to

vacate his sentence pursuant to 28 U.S.C. § 2255, on January 20, 2000, asserting ineffective assistance of counsel claims. *See **United States v. Prost**,* No. 00-cv-00098-ERW (E. D. Mo. Jan. 12, 2004) (unpublished). The Eastern District of Missouri denied the § 2255 motion finding that Mr. Prost's claims lacked merit. The United States Court of Appeals for the Eighth Circuit dismissed the appeal. *See **United States v. Prost**,* No. 04-1394 (8th Cir. July 6, 2004) (unpublished).

Mr. Prost claims in the instant action that pursuant to the recent U.S. Supreme Court decision in **United States v. Santos**, 128 S. Ct. 2020 (2008), his conviction and sentence, for the most part, must be vacated, because he is actually and legally innocent of transferring any profits from the alleged drug activity of which he was convicted. Mr. Prost further alleges that his indictment, similar to the indictment in **Santos**, did not assert the use of profits in relation to the money laundering charge and, therefore, lacked an essential element of the offense of money laundering. He contends that he is entitled to immediate release.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the

court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366.

The remedy available under 28 U.S.C. § 2255 is inadequate or ineffective only in "extremely limited circumstances." ***Caravalho v. Pugh***, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. ***See id.*** Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. ***See Reyes-Requena v. United States***, 243 F.3d 893, 903 (5th Cir. 2001).

Mr. Prost concedes that he is not challenging the execution of his sentence. He contends that "§ 2241 allows access to collaterally challenge sentences imposed in ignorance of what the law actually proscribes." (Application at 2.) Applicant also contends that he is not able to challenge his conviction and sentence in a 28 U.S.C.

3

§ 2255 action under *Santos* because he has already filed a § 2255 motion. He, therefore concludes that a § 2255 action is inadequate.

The fact that Mr. Prost may be barred from raising his claims in a second or successive motion in the sentencing court pursuant to 28 U.S.C. § 2255, by itself, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Mr. Prost does not assert that he has been denied the opportunity to raise the *Santos* claim in the sentencing court in a § 2255 motion. Because Mr. Prost already has filed a § 2255 motion in the Eastern District of Missouri he would need to seek permission from the United States Court of Appeals for the Eighth Circuit to file a second one. *See* 28 U.S.C. § 2255. He does not assert that he has sought permission, and the Eighth Circuit denied his request.

Mr. Prost's argument that the remedy provided in 28 U.S.C. § 2255 is inadequate or ineffective because he is actually and legally innocent also lacks merit. Mr. Prost correctly notes that some circuit courts have found the remedy available pursuant to § 2255 to be inadequate or ineffective when a prisoner raises a claim based upon a Supreme Court decision that could not have been raised either on direct appeal or in a § 2255 motion. *In re Dorsainvil*, 119 F.3d 245 (3$^d$ Cir. 1997). The recurring theme in this decision, and in the decisions of the other circuit courts that have addressed the issue of when the remedy provided in § 2255 is inadequate or ineffective, are retroactivity and actual innocence. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) (surveying the tests applied in the various circuits).

Furthermore, Mr. Prost does not explain with any clarity how the distinction laid out in *Santos* between criminal profits and criminal receipts makes him either legally or factually innocent of the money laundering crime. This Court also is at a substantial disadvantage to evaluate evidence in Mr. Prost's criminal case in the Eastern District of Missouri and to determine that he is factually innocent. Mr. Prost also fails to assert that the decision in *Santos* is retroactively applicable on collateral review of his criminal case.

Therefore, the Court finds that Mr. Prost has failed to demonstrate that the remedy available to him in the Eastern District of Missouri pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to address his claims challenging the validity of his conviction and sentence. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Prost fails to assert that his remedy in the United States District Court for the Eastern District of Missouri is ineffective and inadequate.

DATED at Denver, Colorado, this 12 day of Nov. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-02246-BNB

Keith Prost
Prisoner No. 25222-044
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226-5000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  11/13/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk